PAULINE W. BOICE, Respondent, v. FRANK A. STEIN, Doing Business as BERKSHIRE HOTEL, Appellant.— Defendant appeals from a judgment of the County Court of Albany County, rendered against him and in plaintiff's favor, entered upon a jury verdict after trial, and an order denying his motion to set aside the verdict. The action was in negligence to recover damages for personal injuries which plaintiff sustained in a fall upon a stairway in defendant's hotel wherein she was a guest. The accident occurred about two o'clock P.M. The cause of plaintiff's accident and injuries as stated in the complaint and a bill

of particulars, was that in preparing to descend the stairway her "right foot was caught in a torn part of the carpet at the top of said stairway"; and the negligence charged against the defendant was, in substance, in failing to keep the stairway properly lighted, its floor and carpet in proper repair and in failing to "repair or replace the worn and torn carpet at the top of the stairway", particularized as being "about three inches from the lip of the top step". Plaintiff's testimony was the only evidence to show that there was any defect in the carpet which caused her to fall, and it was vague, indefinite and speculative. She gave no positive evidence that the carpet was torn or had a loose or broken thread. Her testimony regarding such matters appears based on her assumption that only such a defect could have caused her fall, despite the fact she closely inspected it. When pressed as to what she actually saw about it, her testimony concludes: "I am unaccustomed to falling, I knew there must be a reason. When I examined it I saw a thread-worn carpet." There was no proof sufficient to sustain a finding of negligence because the stairway was not properly lighted. Defendant's proof was positive in its negation of the negligence charged. The verdict was against the weight of the credible evidence. Further, we see no extenuation or excuse for the highly prejudicial question and/or statement of plaintiff's trial counsel at the conclusion of his examination of the defendant's wife whom he called as plaintiff's first witness at the trial, and defendant's motion for a mistrial should have been granted. Judgment and order reversed on the law and facts, and a new trial granted, with costs to abide the event. Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ., concur.